IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | : |
| Plaintiff, | : CIVIL ACTION NO. |
| v. | : |
| | : JURY TRIAL DEMAND |
| GRADY MEMORIAL HOSPITAL CORPORATION, | : |
| Defendant. | : |

# COMPLAINT

This is an action under Title I and Title V of the Americans with Disabilities Act of 1990, as amended ("ADA"), and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Lashonda Brown ("Brown"), who was adversely affected by such practices. The Equal Employment Opportunity Commission ("EEOC") alleges that Grady Memorial Hospital Corporation ("Defendant") engaged in intentional discrimination against Brown when it failed to accommodate her disability and discharged her because of her disability in violation of the ADA.

1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3), of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. 2000e-5(f)(1) and (3) ("Title VII"), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3. The EEOC is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a corporation doing business in the state of Georgia and the city of Atlanta and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(5), (7), which incorporate by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

6. At all relevant times, Defendant has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Brown filed a Charge of Discrimination with the EEOC alleging violations of the ADA by Defendant.

8. On September 28, 2021, the EEOC issued to Defendant a Letter of Determination on Brown's Charge of Discrimination finding reasonable cause to believe that the ADA had been violated and inviting Defendant to join with the EEOC in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9. On December 2, 2021, the EEOC issued to Defendant a Notice of Failure of Conciliation advising Defendant that the EEOC was unable to secure from Defendant a conciliation agreement acceptable to the EEOC.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11. Since on or about September 2019, Defendant has engaged in unlawful employment practices in violation of Section 102 of Title I of the ADA, 42 U.S.C. § 12112.

12. Brown is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8). Brown has a mental impairment, severe depression, that substantially limits her in the operation of major bodily functions, including brain function. Brown's depression also substantially limits her in the major life activities that include, but are not limited to, sleeping, concentrating, thinking, communicating, and interacting with others.

13. On or about September 30, 2019, Brown requested a reasonable accommodation for her disability consisting of a leave of absence from work through November 4, 2019. Defendant knew of Brown's disability at the time she requested the accommodation. Defendant initially appeared to grant the requested leave request but did not allow Brown to return to work on November 4, 2019. Instead, it demanded that she provide a return to work note and then discharged her on November 11, 2019, when she could not provide it as quickly as it demanded

4

due to her doctor being out of town.

14. Brown began working for Defendant as a Nursing Assistant in June 2015. On or about September 2, 2018, Brown became a full-time Certified Medical Assistant, which was her job title until she was discharged on November 11, 2019.

15. Brown was qualified for her job as a Certified Medical Assistant and could perform the essential functions of that job with or without a reasonable accommodation.

16. In September 2019, Brown developed serious depression due to traumatic events that occurred in her in family. Brown disclosed to Defendant's Human Resources Analyst that her family was undergoing a traumatic event that affected her mental state to the point that it impaired her ability to focus and to work. She told Brown to take leave and that the best way to get leave was to go to a doctor who could formally diagnose her mental state and then submit medical documentation as evidence of her medical need for leave.

17. On or about September 30, 2019, Brown's doctor examined her and diagnosed her with depression.

18. On September 30, 2019, Brown formally requested leave as an accommodation for her disabilities. The leave requested was for a defined period from September 30, 2019, through November 3, 2019. Brown provided a doctor's

Case 1:22-cv-02059-TCB-JSA   Document 1   Filed 05/24/22   Page 6 of 10

note disclosing her diagnosis of depression and supporting her request for an accommodation. The doctor's note stated she could return to work on November 4, 2019, and did not place any restrictions on Brown returning to work on that date.

19.  When Brown attempted to return to work on November 4, 2019, pursuant to her doctor's note, Defendant would not allow Brown to return without clearance from a doctor. Therefore, Brown went to her doctor's office to get a new note, but she was told that her doctor was not in and the office could not issue the clearance Defendant required without him.

20.  Brown informed Defendant that her doctor was not available and, therefore, she was unable to obtain a note from him returning her to work, so Brown was told to go home and try to get the note the following day.

21.  Brown attempted to obtain the doctor's note Defendant required to allow her to return to work on November 5, 2019, November 6, 2019, and November 7, 2019. Each time she contacted her doctor's office she was told the doctor was not available and each time Brown informed Defendant of the status or her attempt to obtain the doctor's note. Defendant's Human Resources Analyst also attempted to contact Brown's doctor to get the note but was told that the doctor was not in the office and they could not issue the note until he returned. During this time, Defendant continued to not allow Brown to return to work.

6

22.     On Friday, November 8, 2019, Brown again tried to reach her doctor, but he was still not in the office. Later that day, at 3:12 p.m., Defendant's Human Resources Manager emailed Brown and told her that she must obtain clearance to return to work by 5:00 p.m. that day or she would be discharged.

23.      After receiving the email, Brown again contacted her doctor's office and was told that her doctor would not return until November 11, 2019.

24.     After learning that her doctor would return on November 11, 2019, Brown contacted Human Resources and told the manager that her doctor would return on November 11 and asked if whether she could provide the return to work note then. The manager responded that he "probably would not be able to grant that" but would "check" and let her know.  He, however, did not call Brown back.

25.     On November 11, 2019, at 9:36 a.m., the manager emailed Brown and told her that she was discharged and attached a Separation Notice.  On the Separation Notice, the reason given is: "Involuntary Resignation - Failure to Return from Leave".

26.     Defendant discharged Brown because of an actual disability.

27.     Defendant failed to accommodate Brown and failed to engage in the interactive process that would have resulted in a reasonable accommodation that would have allowed Brown to perform the essential functions of her job.

28. The effect of the practices complained of above have been to deprive Brown of equal employment opportunities and otherwise adversely affect her status as an employee because of her disabilities.

29. The unlawful employment practices complained of above were intentional.

30. The unlawful employment practices complained of above were done with malice or with reckless indifference to Brown's federally protected rights.

## PRAYER FOR RELIEF

WHEREFORE, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all other persons in active concert or participation with it, from discharging employees because of their actual or perceived disabilities or because they requested a reasonable accommodation under the ADA and from denying reasonable accommodations to employees with disabilities, and from engaging in any other employment practices that discriminate on the basis of disability status.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful

employment practices.

C.     Order Defendant to make Brown whole by providing appropriate back pay with pre-judgment interest, in an amount to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.     Order Defendant to make Brown whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in an amount to be determined at trial.

E.     Order Defendant to make Brown whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described above, including emotional pain and suffering, loss of enjoyment of life, inconvenience, anxiety, stress, and humiliation, in amounts to be determined at trial.

F.     Order Defendant to pay punitive damages to Brown for Defendant's malicious and/or reckless conduct described above, in an amount to be determined at trial.

G.     Grant such further relief as the Court deems necessary and proper in the public interest.

H.     Award the EEOC its costs in this action.

## JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

CHRISTOPHER LAGE
Deputy General Counsel

MARCUS G. KEEGAN
Regional Attorney

LAKISHA DUCKETT ZIMBABWE
Supervisory Trial Attorney

/s/ Steven A. Wagner
Steven A. Wagner
Trial Attorney
Georgia Bar No. 000529
steven.wagner@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Atlanta District Office
100 Alabama St., SW, Suite 4R30
Atlanta, Georgia 30303
(470) 531-4838 (direct)
(404) 562-6905 (facsimile)