IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | |
| Plaintiff, | CIVIL ACTION NO. 1:22-CV-02059-TCB-JSA |
| and | |
| **LASHONDA BROWN,** | |
| Intervenor/Plaintiff, | |
| v. | |
| **GRADY MEMORIAL HOSPITAL CORPORATION,** | **JURY TRIAL DEMAND** |
| Defendant. | |

## CONSENT DECREE

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 107(a) of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12117(a) (hereinafter, the "ADA"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's Complaint and the Intervenor's Complaint alleged that Defendant Grady Memorial Hospital Corporation ("Defendant") discriminated against Charging Party LaShonda Brown ("Brown") by denying her a reasonable accommodation for her disability and discharging her because of her disability.

The parties hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint and the Intervenor's Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action for the duration of this Consent Decree; (2) the purpose and provisions of the ADA will be promoted and effectuated by the entry of the Consent Decree; (3) no party shall contest the jurisdiction of this Court to enforce this Consent Decree and its terms or the right of the Commission to bring an enforcement suit upon alleged breach of any term(s) of this Consent Decree; (4) this Consent Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 18 below; and (5) the terms of this Consent Decree are and shall be binding upon the present and future representatives, directors, officers, and successors of Defendant.

It is therefore ORDERED, ADJUDGED, AND DECREED as follows:

1.     Defendant shall not discriminate against any person on the basis of disability or any other protected category within the meaning of the ADA, including denying them a reasonable accommodation that can be provided without an undue

hardship or discharging them because of their disability.

2. Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under the ADA or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding, or hearing under that statute.

3. Defendant shall pay Brown the sum of Fifty-Five Thousand dollars ($55,000) in settlement of the claims raised in this action. The settlement amount consists of $10,000 in back pay damages, $23,000 in compensatory damages, and $22,000 in attorneys' fees. Defendant shall make payment by issuing checks payable as agreed by the Commission and Defendant. Payment shall be made within ten (10) business days after the Court approves this Consent Decree, and Defendant shall mail the checks as agreed by the Commission and Defendant. Within ten (10) business days after the checks have been sent, Defendant shall send to the Commission a copy of the checks and proof of their delivery. Neither the Commission nor Defendant make any representations about or assume any responsibility for any tax liability, assessments, interest, penalties, and/or costs that Brown may or may not incur on such payments under local, state, and/or federal laws. It is acknowledged that the damages agreed to herein constitute a debt owed and collectible by the United States.

4. If Brown does not receive the payments described in paragraph 3 above by the due date set forth therein due to a failure on the part of Defendant to properly transmit same, then Defendant shall pay interest on the defaulted payments at a rate calculated pursuant to 26 U.S.C. § 6621(b) until the same is paid, and bear any additional costs incurred by the EEOC caused by the non-compliance or delay, including but not limited to any and all costs arising out of EEOC's efforts to enforce this decree in federal court.

5. Within ten (10) business days of the entry of this Consent Decree, Defendant shall eliminate from any employment records of Brown all documents, entries, or references of any kind relating to the facts and circumstances which led to the filing of EEOC Charge Number 410-2022-03938 to include any discipline related to her accommodation request, her discharge, and the related events that occurred thereafter, including the filing of her EEOC Charge and this litigation. Within ten (10) business days of the entry of this Consent Decree, Defendant shall also change all references in its personnel records for Brown from discharge or any similar wording to "voluntarily resigned". Defendant shall report compliance with this provision to the Commission within ten (10) business days of the entry of this Consent Decree by the Court.

6. Defendant shall provide Brown with a neutral letter of reference using the form attached hereto as Exhibit "A". Within ten (10) business days of the entry

of this Consent Decree by the Court, the original, signed letter of reference shall be provided to Brown at an address provided by the Commission. Brown is free to disseminate the letter to potential employers. Defendant agrees that if it receives any inquiry about Brown from a potential employer, it will provide only the information set forth in the letter of reference in response to the inquiry.

7.  Within thirty (30) days of the entry of this Consent Decree, Defendant shall revise its Family Friendly Leave ("FFL") policy and related forms to make clear that leave as an accommodation under the ADA may be available to employees, that all terms of the FFL policy must be applied consistent with the ADA, and require a determination of whether the employee is entitled to an accommodation under the ADA to have been considered before disciplining or discharging the employee for reasons related to the FFL policy. Defendant has also updated its employment policies related to the ADA, a copy of which is attached hereto as Exhibit "B" (the "ADA Policy"). Defendant shall make available to each current employee a copy of the revised FFL policy and the ADA Policy within the aforementioned 30-day time period. Within seven (7) business days of dissemination of this policy, Defendant shall report its compliance to the Commission. During the term of this Consent Decree, Defendant shall make available the revised FFL policy and the ADA Policy to all new employees and review it with them during new hire training, which occurs two to three times per month.

8. Within 30 days of the entry of this Consent Decree, Defendant shall post a copy of the revised FFL policy and the ADA Policy described in paragraph 7 above in a place where it is visible to all employees. The revised FFL policy and the ADA Policy shall be posted electronically on Defendant's intranet in a way in which it alerts employees that they are available for review and where employees can access it. The revised FFL policy and the ADA Policy shall be accessible on Defendant's intranet for the duration of this Consent Decree. Within seven (7) business days of the electronic posting of the revised FFL policy and the ADA Policy, Defendant will report compliance with this provision to the Commission.

9. Within 90 days of the entry of this Consent Decree, Defendant shall provide a one (1) hour training program to its Human Resources Department personnel and to its managers and supervisors at Grady's monthly leadership team meetings regarding the ADA, the FFL policy, and related issues. Within 90 days of the entry of the Consent Decree, Defendant will also begin providing training on the ADA and the revised FFL policy to all newly hired employees during its orientation sessions. All other employees will receive training consistent with the requirements of this Consent Decree during Defendant's annual training period. The trainings shall be led by Defendant's in-house lawyers who have the knowledge, skills, and experience to provide such training. Each training program shall include a review of the ADA Policy and promote Defendant's compliance with federal anti-

discrimination laws, with an emphasis on Defendant's obligations under the ADA to not discriminate against qualified individuals based on their disabilities; Defendant's duty to provide reasonable accommodations to qualified individuals with disabilities, through an interactive process, which permit the individuals to perform the essential functions of the position held or desired and/or to enjoy equal benefits and privileges of employment, including the adjustment of work policies for individuals with disabilities; and include an explanation of the ADA's prohibition against retaliation in the workplace. Each training program shall also include an explanation of Defendant's revised FFL policy referenced in paragraph 7 above, and an explanation of the rights and responsibilities of employees and managers under the policy. The training shall also include an explanation of the interaction between the revised FFL policy and the ADA.

At least fifteen (15) business days prior to each training, Defendant shall submit to the Commission an agenda or description of the content of the training program by electronic mail sent to EEOC-ATDO-decree-monitoring@eeoc.gov, as well as the date and time of the training.  Defendant should presume that the agenda is approved unless contacted by the Commission regarding the agenda within five (5) business days of submission of the agenda. On a quarterly basis, Defendant shall certify to the Commission the specific training that was undertaken. This certification shall include the dates, times, locations of the training, and the identities

of all trainers and attendees. The Commission may attend the training sessions.

10. Within seven (7) business days after the entry of this Consent Decree, and continuing throughout its term, Defendant shall electronically post the attached Employee Notice, marked Exhibit "C", hereby made a part of this Consent Decree on its intranet that is accessible by its employees in a manner in which the employees will be alerted that it has been posted. Within seven (7) business days of the posting of this Notice, Defendant will report compliance with this provision to the Commission.

11. During the term of this Consent Decree, Defendant shall provide the Commission with semi-annual reports, with the first being due six (6) months after entry of this Consent Decree. The reports will include the following information:

    A.    the identities of all individuals who requested an accommodation for a physical or mental impairment, the accommodation requested, the date of the request, whether the request was granted or denied, the name and job title of the person making the decision, and the date of the decision; and

    B.    for each individual identified in 11.A. above whose accommodation request was denied in whole or in part, a detailed statement explaining the reasons for denial, including the name and job title of the decisionmaker(s).

Defendant shall provide the social security number of any individual identified in response to paragraphs 11.B. within seventy-two (72) hours of a request by the Commission.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

12. The Commission may review compliance with this Consent Decree. As part of such review, the Commission may inspect Defendant's facilities and examine and copy documents.

13. If at any time during the term of this Consent Decree, the Commission believes that Defendant is in violation of the Consent Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have ten (10) business days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) business days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

14. The term of this Consent Decree shall be for two (2) years from its entry by the Court.

15. All notices to Defendant by the Commission pursuant to this Consent Decree shall be sent by electronic mail to: Tim Jefferson at tjeffersion@gmh.edu. If Defendant's designated point of contact changes at any time during the term of this Consent Decree, Defendant shall notify the Commission and provide contact information for a new designated point of contact within ten (10) business days of the change.

16. All reports or other documents sent to the Commission by Defendant pursuant to this Consent Decree shall be sent by electronic mail to: (1) EEOC-ATDO-decree-monitoring@eeoc.gov; or (2) if by regular mail to – Regional Attorney, Equal Employment Opportunity Commission, Atlanta District Office, 100 Alabama Street, SW, Suite 4R30, Atlanta, Georgia 30303.

17. Each party shall bear its own costs and attorneys' fees.

18. This Court shall retain jurisdiction of this case for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

Signed and entered this 15th day of November, 2022.

_____
Timothy C. Batten, Sr., Chief Judge
United States District Court, Northern
District of Georgia, Atlanta Division

The parties jointly request that the Court approve and enter the Consent Decree:

| FOR PLAINTIFF U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | FOR DEFENDANT GRADY MEMORIAL HOSPITAL CORPORATION |
|---|---|
| GWENDOLYN Y. REAMS<br>Acting General Counsel<br><br>MARCUS G. KEEGAN<br>Regional Attorney | */s/Steven J. Whitehead*<br>Steven J. Whitehead (by SAW w/permission)<br>Georgia Bar No. 755480<br><br>Taylor English Duma LLP |

LAKISHA DUCKETT ZIMBABWE
Assistant Regional Attorney

/s/Steven A. Wagner
Steven A. Wagner
Senior Trial Attorney
Georgia Bar No. 000528

EEOC - Atlanta District Office
100 Alabama St. S.W, Suite 4R30
Atlanta, Georgia 30303
Tel.:  (470) 531-4838
Fax:  (404) 562-6905
Email: steven.wagner@eeoc.gov

1600 Parkwood Circle, Suite 200
Atlanta, GA 30339
Tel: (770) 434-6868
Fax: (770) 434-7376
Email: swhitehead@taylorenglish.com

**FOR INTERVENOR LASHONDA BROWN**

/s/Justin Scott
Justin Scott, Esq. (by SAW w/permission)
Georgia Bar No. 557463

Scott Employment Law, P.C.
160 Clairemont Ave., Suite 610
Decatur, Georgia 30030
Tel.: (678)780-4880
Fax: (478) 575-2590
Email: jscott@scottemploymentlaw.com

# **EXHIBIT "A"**

[Defendant's letterhead]

[Date]

TO WHOM IT MAY CONCERN:

We are providing the following reference on behalf of our former employee, LaShonda Brown.

Ms. Brown was employed by Grady Memorial Hospital Corporation ("Grady") from June 2015 until November 11, 2019. During her tenure with Grady, Ms. Brown was employed as a Certified Medical Assistant. Her ending pay rate was $17.45 per hour.

We hope that this information about Ms. Brown is helpful to you in considering her for employment.

        Sincerely,

        _____
        [Parties to agree upon signature to letter]

# EXHIBIT "B"



| ADMINISTRATIVE– CLINICAL | Page 1 of 5 |
|---|---|
| Americans with Disabilities Act/Reasonable Accommodation Policy | Origination Date:  10/2022 |
| | Revision Date: |
| | Review Date: |

### I. POLICY STATEMENT

Grady Health System ("Grady") is committed to providing individuals with disabilities equal opportunities in all phases of employment, including pre-employment. Grady will, in good faith, provide reasonable accommodations for its employees and qualified applicants as required by the Americans with Disabilities Act of 1990, as amended (the "ADA") and the Rehabilitation Act of 1973, as amended, and consistent with the organization's non-discrimination policy.

Grady will not tolerate any form of retaliation against an applicant or employee on the basis of a disability, a request for a disability accommodation, or participation in a complaint or investigation of disability discrimination.

### II. PURPOSE:

To provide guidance for all Grady employees and applicants regarding reasonable accommodations and ADA compliance.

### III. PROCEDURES:
    A. Employees and applicants are responsible for requesting reasonable accommodation, and providing adequate documentation of their disability and the

need for accommodation, as needed. Grady has no duty to seek out and determine the need for an accommodation absent a specific request from an employee or applicant.

B. **Eligibility for Accommodation**
 1. An employee or qualified applicant is eligible to request and receive reasonable accommodations if the employee or qualified applicant is disabled and requires a reasonable accommodation under the ADA.
 2. An employee or qualified applicant is eligible to request and receive reasonable accommodations if an aspect of the job application process or the performance of his or her job at Grady conflicts with the qualified applicant or employee's religious belief or practice.
 3. In some cases, an employee may also be entitled to accommodations for issues related to pregnancy.
 4. An employee or qualified applicant with questions about his or her individual situation and whether it is covered should contact Grady's Human Resources Department.

C. **Reasonable Accommodations**
 1. Eligible employees or qualified applicants are expected to let Grady know when they think they might need a workplace accommodation as provided for under this policy.
     a. To request an accommodation during hiring, qualified job applicants should contact Grady Human Resources. Qualified applicants should make it clear that they want to request a possible workplace accommodation as a result of their disability, religion or pregnancy.
     b. Employees who want to make a request should contact Human Resources. Employees are strongly encouraged to make their request in writing and submit it to Grady Human Resources. If an employee does not submit their request in writing, the consideration of the employee's request may be delayed.
 2. The determination of what is and is not a reasonable accommodation and what presents an undue hardship depends greatly on the specific facts of each request.
 3. Grady will attempt to provide the accommodation requested, but may choose among reasonable accommodations as long as the chosen accommodation is effective. Through an interactive process, the organization may offer alternative suggestions for reasonable accommodations and discuss their effectiveness in removing the workplace barrier that is impeding the individual with a disability.

D. **Interactive Process**
 1. Once a request for an accommodation is received, Grady will engage in the interactive process with the employee or applicant and the following, if

        appropriate: the employee or applicant's manager, the employee or applicant's provider, and any other relevant and necessary parties until a determination can be reached upon whether a reasonable accommodation can be made for the employee.
2. As part of the interactive process, Grady may request that the employee or applicant's health care provider submit information to support the accommodation request.
3. The interactive process consists of an interactive dialogue between appropriate parties. The goal of this dialogue is to understand what barrier the employee or applicant is experiencing and why. It is also helpful to see if the employee or applicant has any ideas about what might be useful for them. Grady may also provide an overview of the process, so the employee or applicant who requested an accommodation understands what will happen next and who will have access to the information shared.
4. All participants involved in the interactive process must agree to maintain confidentiality when discussing accommodations. Reasonable accommodation information may only be shared on a need-to-know basis, will never go in a personnel file, and will not be shared with coworkers.
5. The interactive accommodation process should be ongoing.

E. **Decisions Regarding Requests for Reasonable Accommodation**
1. Once a decision regarding a requested accommodation is reached, Grady will provide a written response to the employee or applicant regarding the accommodation requested and the determination.
2. As a result of and in furtherance of the interactive process, the determination may be to grant an alternative, reasonable accommodation rather than the accommodation that was initially requested by the employee.
3. If a request for an accommodation is denied, an employee may appeal that decision. An employee appealing a denial must submit the appeal in writing to Grady Human Resources (absent exceptional circumstances) within 14 days of the denial, and must include the reason(s) he/she believes the request should be granted and provide any additional medical documentation to substantiate his or her request.
4. Grady may request recertification of an accommodation request that has been granted if there is reason to believe the employee is no longer disabled; the employee's disability no longer requires the accommodation; and/or the accommodation being provided is no longer reasonable or effective.
5. Grady also may discontinue any accommodation previously granted if it determines that the employee is no longer disabled; the accommodation is no longer needed, reasonable or effective; or the continued accommodation poses an undue hardship.
6. The employee is expected to cooperate with Grady in these circumstances. In the event the employee believes that additional or different accommodations

are required because of changes in the underlying medical condition or changes in job requirements, the employee should bring these proposed changes forward to Human Resources for review.

    **F.**    **No Retaliation**
1. Grady expressly prohibits any form of discipline, reprisal, intimidation, or retaliation against any individual for requesting an accommodation in good faith.
2. If an employee or applicant feel that they or someone else may have been subjected to conduct that violates this policy or Grady's Anti-Retaliation Policy, the employee should report it immediately to Human Resources, Corporate Compliance or the employee's supervisor.

## IV.  DEFINITIONS

**Accommodation** - Any change to the employment application process, job duties, work environment or conditions that will allow the employee or applicant: to have an equal opportunity to compete for a job; to perform the essential functions of a job; or to have equal access to the benefits and privileges of employment. An accommodation is considered "reasonable" if it is feasible, will be effective at assisting the employee, and does not impose an undue hardship on Grady.

**Applicant** – An individual pursuing employment with Grady by submitting appropriate application materials for a specific, vacant position.

**Disability** – Under the ADA, a disability is a physical or mental impairment that substantially limits a major life activity (i.e., hearing, speaking, seeing, walking) or a record of substantially limiting impairment, or someone regarded as disabled.

**Employee** –  Any person employed by Grady Health System.

**Essential Job Functions** – The essential job duties that an employee must be able to perform with or without a reasonable accommodation.  Usual characteristics of the essential functions of a job are time spent, consequences of error, skill or expertise involved, and the availability of other employees.  Under normal circumstances the essential duties would be included in the employee's job description.

**Qualified** – An employee or applicant is qualified if he or she is able to complete the essential functions of his or her job with or without reasonable accommodation; an applicant must also satisfy the minimum qualifications for the job for which he or she is applying in order to be considered qualified.

**Reasonable Accommodation** – Any change or adjustment to a job or work environment which allows an employee with a disability to perform the essential functions of a job, access work facilities, and/or enjoy the equal benefits and privileges of employment. In general, a reasonable accommodation might include the following:

- altering how or when job duties are performed;
- modifying work schedules;
- reassigning or removing non-essential job duties;
- providing special assistive equipment, devices or technology or modifications to equipment or furniture;
- modifying job training and tests;
- reconfiguring work spaces;
- making facilities accessible;
- providing the help of qualified readers or interpreters;
- providing a leave of absence (including leave provided under Grady's Family Friendly Leave Policy or the federal Family Medical Leave Act);
- providing an exception to the dress code;
- transferring the employee to another open position for which he or she is qualified; and
- the use of a qualified service animal

**Some Examples of What Will Not be Reasonable Accommodations:** In general, Grady is not expected to accommodate an employee or qualified applicant by:

- removing essential functions of the job;
- lowering production or performance standards;
- providing unlimited or indefinite leave;
- terminating or changing the position of other employees;
- creating a new position for the employee or qualified applicant;
- deleting past discipline or negative performance reviews; or
- allowing working conditions that create a direct threat of harm to the employees or others.

**Undue Hardship** – An accommodation which would be unduly costly, extensive, disruptive, or would substantially alter operations for the organization. Such accommodations need not be

provided.  Nevertheless, please note that Grady does have the obligation to explore and locate other suitable reasonable accommodations which would not constitute undue hardship, if possible.

V.       **REFERENCES, CROSS REFERENCES OR REGULATORY INDEXING:**

Americans with Disabilities Act of 1990, as amended

Rehabilitation Act of 1973, as amended

Applicable Georgia Fair Employment Practices Laws and Regulations

Grady Non-discrimination Policy

Grady Family Friendly Leave Policy

Grady Family Medical Leave Act Policy

Grady Anti-Retaliation Policy

# EXHIBIT "C"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | : : : | |
| Plaintiff, | : : | **CIVIL ACTION NO. 1:22-CV-02059-TCB-JSA** |
| v. | : : | **JURY TRIAL DEMAND** |
| **GRADY MEMORIAL HOSPITAL CORPORATION,** | : : : | |
| Defendant. | : : : | |

1. This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission and Grady Memorial Hospital Corporation ("Defendant") in a case of discrimination based on disability. Specifically, the EEOC alleged that Defendant discriminated against a former employee by failing to accommodate her disability and discharging her because of her disability in violation of the Americans with Disabilities Act, as amended. As part of the settlement, Defendant agreed to take actions set out in the Consent Decree resolving this matter.

2. Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older), genetic information, or disability. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony or assistance in or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the EEOC.

3. Defendant will comply with such federal law in all respects. Furthermore, Defendant will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law, or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U.S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact: **Equal Employment Opportunity Commission at 1-800-669-4000 or TTY: 1-800-669-6820**.

This Notice will remain posted for at least two (2) years by agreement with the U.S. Equal Employment Opportunity Commission.

**DO NOT REMOVE THIS NOTICE UNTIL**: _____, 20\_\_\_.